CHIEF JUDGE SUSAN M. CHEHARDY

A TRUE COPY
GRETNA

AUG 1 9 2015

DEPUTY
CLERK
COURT OF APPEAL, FIFTH CIRCUIT

2016-1309 (La. 11/18/16)

**STATE of Louisiana**

v.

**Tori KLEIN**

**NO. 2016–KK–1309**

Supreme Court of Louisiana.

11/18/2016

WEIMER, J., would grant.

CRICHTON, J., would grant and assigns reasons.

CRICHTON, J., would grant and assigns reasons:

I respectfully dissent from the majority's decision to deny this writ application.

Specifically, the complainant's initial report of rape to law enforcement should be admitted in its entirety and I would therefore reverse the lower courts' conclusions to the contrary. First, the identity of the complainant, as well as her previous false identities and, second, her first (and previous) occupations should all be known to the jury. The fact that the complainant has chosen to use pseudonyms and to engage in her chosen line of employment is material and relevant background for defense counsel to examine and for the jury to consider—just as the identity and employment history of any witness, especially a complainant in a criminal case, is also pertinent. None of this, in my view, violates Louisiana Code of Evidence art. 412. Moreover, to the extent that the complainant was arguably less than truthful to police in her initial statement, in my view, this constitutes impeachment evidence which the jury should also be allowed to consider. See La. C.E. Art. 607.